1  SEAN P. NALTY  (SBN 121253)
   CHARAN M. HIGBEE  (SBN 148293)
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Telephone:     (415) 433-0990
   Facsimile:      (415) 434-1370
5
   Attorneys for Defendant
6  LIFE INSURANCE COMPANY
   OF NORTH AMERICA
7

8

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14  BEVERLY POWELL,                          ) Case No.:     CV08-03655 VRW
                                             )
15              Plaintiff,                   ) **DEFENDANT LIFE INSURANCE**
                                             ) **COMPANY OF NORTH AMERICA'S**
16        vs.                                ) **ANSWER TO PLAINTIFF'S COMPLAINT**
                                             )
17  LIFE INSURANCE COMPANY OF NORTH          )
    AMERICA; and DOES 1 through 10, inclusive, )
18                                           )
                Defendants.                  ) Action Filed:  June 24, 2008
19  _____  )

20        Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter

21  "LINA") answers the Complaint filed by plaintiff BEVERLY POWELL in this action, which was

22  removed from the Contra Costa County Superior Court, (hereinafter "the Complaint') as follows:

23                          **PREFACE**

24        Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets

25  forth a claim for relief shall provide a "short and plain statement of the claim showing that the

26  pleader is entitled to relief." Moreover, Rule 8(d)(1) states that "[e]ach allegation must be simple,

27

28
                                             1
    **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
    USDC NDCA Case No. CV08-03655 VRW
    368442.1

concise, and direct." The Complaint violates these provisions in as it contains partial quotes, unnecessary advocacy, and footnotes defining and discussing medical terms. In answering the Complaint, LINA only is required to address the averments upon which Plaintiff relies to allegedly state a claim.

## GENERAL ALLEGATIONS

1.    Answering paragraph 1 of the Complaint, LINA admits that, in or about July of 2006, plaintiff was employed as an Office Specialist II for the City of Berkeley, California. LINA admits that the claim file it maintained, relating to plaintiff's claim for disability benefits, contains a written job description provided by plaintiff's employer relating to the job of Office Specialist II and LINA admits that this document speaks for itself. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 1 of the Complaint.

2.    Answering paragraph 2 of the Complaint, LINA admits that, in or about March of 2007, plaintiff submitted a claim for disability benefits under Group Policy No. LK-960745 issued by LINA and pursuant to which the City of Berkeley was a subscriber (hereinafter "the Policy"). LINA admits that the written documentation submitted in support of plaintiff's claim under the Policy states that plaintiff became unable to work in or about July of 2006. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 2 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 2 of the Complaint.

3.    Answering paragraph 3 of the Complaint, LINA admits that the written documentation submitted, in or about March of 2007, in support of plaintiff's claim under the Policy listed various medical conditions of plaintiff, including sarcoidosis in lungs. LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations. Except as expressly

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1   admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters

2   properly alleged in paragraph 3 for an answer to be made and, upon that ground, denies each and

3   every such remaining allegation set forth in paragraph 3 of the Complaint.

4       4.    Answering paragraph 4 of the Complaint, LINA states that the allegations in this

5   paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that

6   LINA is not required to answer such allegations.

7       5.    Answering paragraph 5 of the Complaint, LINA states that the allegations in this

8   paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that

9   LINA is not required to answer such allegations.

10      6.    Answering paragraph 6 of the Complaint, LINA states that the allegations in this

11  paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that

12  LINA is not required to answer such allegations.

13      7.    Answering paragraph 7 of the Complaint, LINA admits that plaintiff has been

14  diagnosed with sarcoidosis.  LINA denies that plaintiff was unable to return to full-time work on

15  or about September 19, 2007.  LINA states that allegations in this paragraph violate the provisions

16  of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer

17  such allegations.  Except as expressly admitted or denied, LINA states that it lacks sufficient

18  knowledge or information about the matters properly alleged in paragraph 7 for an answer to be

19  made and, upon that ground, denies each and every such remaining allegation set forth in

20  paragraph 7 of the Complaint.

21      8.    Answering paragraph 8 of the Complaint, LINA admits that the Policy contains a

22  "Return to Work Incentive" provision, and admits that the terms and provisions of the Policy speak

23  for themselves.  LINA admits that plaintiff has worked for wage or profit after July of 2006.

24  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

25  information about the matters alleged in paragraph 8 for an answer to be made and, upon that

26  ground, denies each and every remaining allegation set forth in paragraph 8 of the Complaint.

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

9.    Answering paragraph 9 of the Complaint, LINA admits that it paid plaintiff disability benefits, under the Policy, from on or about October 26, 2006 to on or about September 19, 2007.  LINA admits that, by letter dated September 19, 2007, it advised plaintiff that her claim for disability benefits had been closed as of September 20, 2007.  LINA denies that it acted unreasonably.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 9 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 9 of the Complaint.

10.    Answering paragraph 10 of the Complaint, LINA admits, on information and belief, the allegations set forth in paragraph 10.

11.    Answering paragraph 11 of the Complaint, LINA admits that it is, and at all times relevant to plaintiff's allegations set forth in the Complaint was, a corporation incorporated under the laws of the Commonwealth of Pennsylvania and authorized to transact and transacting business as a disability insurance company in the State of California.  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 11 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 11 of the Complaint.

12.    Answering paragraph 12 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 12 for an answer to be made and, upon that ground, denies each and every allegation set forth in paragraph 12 of the Complaint.

13.    Answering paragraph 13 of the Complaint, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 13 for an answer to be made and, upon that ground, denies each and every allegation set forth in paragraph 13 of the Complaint.

14.    Answering paragraph 14 of the Complaint, LINA admits that, in or about July of 2006, plaintiff was an eligible employee under the Policy.  LINA admits that it issued the Policy and admits that the City of Berkeley was the subscriber.  LINA admits that plaintiff purports to

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1   have attached a copy of the Policy as Exhibit A to the Complaint.  LINA admits that some

2   correspondence it sent to plaintiff during the administration of her claim has "CIGNA Group

3   Insurance" on the letterhead and admits that this correspondence speaks for itself.  LINA admits

4   that it underwrote the Policy.  Except as expressly admitted or denied, LINA states that it lacks

5   sufficient knowledge or information about the matters alleged in paragraph 14 for an answer to be

6   made and, upon that ground, denies each and every remaining allegation set forth in paragraph 14

7   of the Complaint.

8          15.    Answering paragraph 15 of the Complaint, LINA admits that the terms and

9   provisions of the Policy speak for themselves.  Except as expressly admitted or denied, LINA

10  states that it lacks sufficient knowledge or information about the matters alleged in paragraph 15

11  for an answer to be made and, upon that ground, denies each and every remaining allegation set

12  forth in paragraph 15 of the Complaint.

13         16.    Answering paragraph 16 of the Complaint, LINA admits that, at all times relevant

14  to plaintiff's claims set forth in the Complaint, the premiums due under the Policy were paid.

15  Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or

16  information about the matters alleged in paragraph 16 for an answer to be made and, upon that

17  ground, denies each and every remaining allegation set forth in paragraph 16 of the Complaint.

18         17.    Answering paragraph 17 of the Complaint, LINA states that allegations in this

19  paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that

20  LINA is not required to answer such allegations.  Except as expressly admitted or denied, LINA

21  states that it lacks sufficient knowledge or information about the matters properly alleged in

22  paragraph 17 for an answer to be made and, upon that ground, denies each and every such

23  remaining allegation set forth in paragraph 17 of the Complaint.

24         18.    Answering paragraph 18 of the Complaint, LINA admits that it maintained a claim

25  file relating to plaintiff's claim for disability benefits under the Policy and that this claim file

26  contains a medical record from Kaiser Permanente dated December 11, 2006.  LINA admits that

27

28
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

the December 11, 2006 medical record, relating to plaintiff, speaks for itself. LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters properly alleged in paragraph 18 for an answer to be made and, upon that ground, denies each and every such remaining allegation set forth in paragraph 18 of the Complaint.

19.    Answering paragraph 19 of the Complaint, LINA admits that it maintained a claim file relating to plaintiff's claim for disability benefits under the Policy and that this claim file contains a medical record reflecting that plaintiff was seen by Dr. Samina Agha on or about January 27, 2007. LINA admits that this medical record dated January 27, 2007 speaks for itself. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in paragraph 19 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 19 of the Complaint.

20.    Answering paragraph 20 of the Complaint, LINA admits, on information and belief, that plaintiff was hospitalized on or about January 27, 2007. LINA states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters properly alleged in paragraph 20 for an answer to be made and, upon that ground, denies each and every such remaining allegation set forth in paragraph 20 of the Complaint.

21.    Answering paragraph 21 of the Complaint, LINA admits that plaintiff filed a claim for disability benefits under the Policy in or about March of 2007 and based on a disability that began in or about July of 2006. LINA admits that plaintiff returned to work on a part-time basis on or about October 30, 2006. LINA admits that it approved plaintiff's claim for disability benefits and paid plaintiff the disability benefits due under the Policy until on or about September 19, 2007. Except as expressly admitted or denied, LINA states that it lacks sufficient knowledge

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1   or information about the matters alleged in paragraph 21 for an answer to be made and, upon that

2   ground, denies each and every remaining allegation set forth in paragraph 21 of the Complaint.

3       22.      Answering paragraph 22 of the Complaint, LINA admits that it sent plaintiff a letter

4   dated July 18, 2007 which stated that her claim for long term disability benefits had been

5   approved.  LINA admits that the July 18, 2007 letter to plaintiff speaks for itself.  LINA admits

6   that plaintiff returned to part-time work on or about October 30, 2006.  Except as expressly

7   admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters

8   alleged in paragraph 22 for an answer to be made and, upon that ground, denies each and every

9   remaining allegation set forth in paragraph 22 of the Complaint.

10       23.      Answering paragraph 23 of the Complaint, LINA admits that the Employment

11   Development Department of the State of California requested that plaintiff be examined by Dr.

12   Martin Terplan and requested that this examination take place in or about August of 2007.  LINA

13   states that allegations in this paragraph violate the provisions of Federal Rule of Civil Procedure

14   8(a)(2) and 8(d)(1) and that LINA is not required to answer such allegations.  Except as expressly

15   admitted or denied, LINA states that it lacks sufficient knowledge or information about the matters

16   properly alleged in paragraph 23 for an answer to be made and, upon that ground, denies each and

17   every such remaining allegation set forth in paragraph 23 of the Complaint.

18       24.      Answering paragraph 24 of the Complaint, LINA admits that it sent plaintiff a

19   letter, dated September 19, 2007, which stated that plaintiff's claim had been closed as of

20   September 20, 2007 for the reasons set forth in the letter.  LINA admits that the September 19,

21   2007 letter to plaintiff speaks for itself.  LINA denies that it acted unreasonably.  Except as

22   expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

23   the matters alleged in paragraph 24 for an answer to be made and, upon that ground, denies each

24   and every remaining allegation set forth in paragraph 24 of the Complaint.

25       25.      Answering paragraph 25 of the Complaint, LINA admits that it sent plaintiff a

26   letter, dated October 2, 2007, and admits that this letter speaks for itself.  LINA admits that it made

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1  an adjustment to the disability benefits paid to plaintiff between October 26, 2006 through

2  September 19, 2007. LINA denies that it acted unreasonably. Except as expressly admitted or

3  denied, LINA states that it lacks sufficient knowledge or information about the matters alleged in

4  paragraph 25 for an answer to be made and, upon that ground, denies each and every remaining

5  allegation set forth in paragraph 25 of the Complaint.

6      26.    Answering paragraph 26 of the Complaint, LINA states that it lacks sufficient

7  knowledge or information about the matters alleged in paragraph 26 for an answer to be made and,

8  upon that ground, denies each and every allegation set forth in paragraph 26 of the Complaint.

9      27.    Answering paragraph 27 of the Complaint, LINA states that it lacks sufficient

10 knowledge or information about the matters alleged in paragraph 27 for an answer to be made and,

11 upon that ground, denies each and every allegation set forth in paragraph 27 of the Complaint.

12     28.    Answering paragraph 28 of the Complaint, LINA admits that plaintiff sent it a letter

13 dated November 17, 2007 and admits that this November 17, 2007 letter speaks for itself. LINA

14 denies that it acted unreasonably. LINA states that allegations in this paragraph violate the

15 provisions of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1) and that LINA is not required to

16 answer such allegations. Except as expressly admitted or denied, LINA states that it lacks

17 sufficient knowledge or information about the matters properly alleged in paragraph 28 for an

18 answer to be made and, upon that ground, denies each and every remaining allegation set forth in

19 paragraph 28 of the Complaint.

20     29.    Answering paragraph 29 of the Complaint, LINA admits that it has not paid

21 disability benefits to plaintiff after on or about September 19, 2007. LINA denies that plaintiff is

22 entitled to disability benefits under the Policy after on or about September 19, 2007. Except as

23 expressly admitted or denied, LINA states that it lacks sufficient knowledge or information about

24 the matters alleged in paragraph 29 for an answer to be made and, upon that ground, denies each

25 and every remaining allegation set forth in paragraph 29 of the Complaint.

26     30.    Answering paragraph 30 of the Complaint, LINA admits that it upheld its decision

27

28
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1  that plaintiff was not entitled to disability benefits after on or about September 19, 2007. LINA

2  denies that it acted egregiously in handling plaintiff's claim or at all. Except as expressly admitted

3  or denied, LINA state that it lacks sufficient knowledge or information about the matters alleged in

4  paragraph 30 for an answer to be made and, upon that ground, denies each and every remaining

5  allegation set forth in paragraph 30 of the Complaint.

6       31.    Answering paragraph 31 of the Complaint, LINA admits that it sent plaintiff a letter

7  dated December 11, 2007 and admits that this letter speaks for itself. LINA denies that it acted

8  unreasonably and denies that it breached any duty owed to plaintiff. Except as expressly admitted

9  or denied, LINA states that it lacks sufficient knowledge or information about the matters alleged

10  in paragraph 31 for an answer to be made and, upon that ground, denies each and every remaining

11  allegation set forth in paragraph 31 of the Complaint.

12       32.    Answering paragraph 32 of the Complaint, LINA admits that it has not paid

13  disability benefits to plaintiff after on or about September 19, 2007. LINA denies that plaintiff is

14  entitled to disability benefits under the Policy after on or about September 19, 2007. LINA denies

15  that it has acted unreasonably and denies that it has failed to pay plaintiff disability benefits to

16  which she is entitled under the Policy. Except as expressly admitted or denied, LINA states that it

17  lacks sufficient knowledge or information about the matters alleged in paragraph 32 for an answer

18  to be made and, upon that ground, denies each and every remaining allegation set forth in

19  paragraph 32 of the Complaint.

20  **FIRST CAUSE OF ACTION**
21  **FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

22       33.    Answering paragraph 33 of the Complaint, LINA incorporates by reference its

23  answers to paragraphs 1 through 32 of the Complaint, above, as though fully set forth herein.

24       34.    Answering paragraph 34 of the Complaint, LINA denies each and every allegation

25  set forth in paragraph 34.

26       35.    Answering paragraph 35 of the Complaint, LINA denies each and every allegation

27

28

1    set forth in paragraph 35.

2        36.    Answering paragraph 36 of the Complaint, LINA denies each and every allegation

3    set forth in paragraph 36.

4        37.    Answering paragraph 37 of the Complaint, LINA admits, on information and belief,

5    that plaintiff has retained an attorney to represent her in this action.  LINA denies that it is liable to

6    plaintiff for attorneys' fees, witness fees and/or costs of litigation incurred by plaintiff.  LINA

7    admits that it has not paid any disability benefits to plaintiff after on or about September 19, 2007.

8    LINA denies that plaintiff is entitled to disability benefits under the Policy after on or about

9    September 19, 2007.  Except as expressly admitted or denied, LINA states that it lacks sufficient

10   knowledge or information about the matters alleged in paragraph 37 for an answer to be made and,

11   upon that ground, denies each and every remaining allegation set forth in paragraph 37 of the

12   Complaint.

13       38.    Answering paragraph 38 of the Complaint, LINA denies each and every allegation

14   set forth in paragraph 38.

15       39.    Answering paragraph 39 of the Complaint, LINA denies each and every allegation

16   set forth in paragraph 39.

17       40.    Answering paragraph 40 of the Complaint, LINA denies each and every allegation

18   set forth in paragraph 40.

19   **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

20       41.    Answering paragraph 41 of the Complaint, LINA incorporates by reference its

21   answers to paragraphs 1 through 40 of the Complaint, above, as though fully set forth herein.

22       42.    Answering paragraph 42 of the Complaint, LINA admits that it owed duties and

23   obligations to plaintiff under the Policy as required by the terms and provisions of the Policy and

24   as required by applicable law.  Except as expressly admitted or denied, LINA states that it lacks

25   sufficient knowledge or information about the matters alleged in paragraph 42 for an answer to be

26   made and, upon that ground, denies each and every remaining allegation set forth in paragraph 42

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1   of the Complaint.

2       43.     Answering paragraph 43 of the Complaint, LINA denies each and every allegation

3   set forth in paragraph 43.

4       44.     Answering paragraph 44 of the Complaint, LINA denies each and every allegation

5   set forth in paragraph 44.

6       45.     Answering the prayer for judgment alleged in the Complaint as to the First Cause of

7   Action for Breach of the Duty of Good Faith and Fair Dealing, LINA denies that plaintiff is

8   entitled to the relief requested therein.  LINA specifically responds to the prayer for judgment as to

9   the First Cause of Action as follows:

10          1.      Answering paragraph 1, LINA denies that plaintiff is entitled to the relief

11  requested therein.

12          2.      Answering paragraph 2, LINA denies that plaintiff is entitled to the relief

13  requested therein.

14          3.      Answering paragraph 3, LINA denies that plaintiff is entitled to the relief

15  requested therein.

16          4.      Answering paragraph 4, LINA denies that plaintiff is entitled to the relief

17  requested therein.

18          5.      Answering paragraph 5, LINA denies that plaintiff is entitled to the relief

19  requested therein.

20          6.      Answering paragraph 6, LINA denies that plaintiff is entitled to the relief

21  requested therein.

22      46.     Answering the prayer for judgment alleged in the Complaint as to the Second Cause

23  of Action for Breach of Contract, LINA denies that plaintiff is entitled to the relief requested

24  therein.  LINA specifically responds to the prayer for judgment as to the Second Cause of Action

25  as follows:

26          1.      Answering paragraph 1, LINA denies that plaintiff is entitled to the relief

27

28

---

11

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1  requested therein.

2      2.    Answering paragraph 2, LINA denies that plaintiff is entitled to the relief

3  requested therein.

4      3.    Answering paragraph 3, LINA denies that plaintiff is entitled to the relief

5  requested therein.

6                    **AFFIRMATIVE DEFENSES**

7      47.    As a first affirmative defense, LINA alleges that neither the Complaint, nor any

8  claim for relief therein, state facts sufficient to state a claim against LINA.

9      48.    As a second affirmative defense, LINA alleges that plaintiff has failed to satisfy all

10  conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits, after on or

11  about September 19, 2007, under the subject group policy issued by LINA, Policy No. LK-

12  960745.

13      49.    As a third affirmative defense, LINA alleges that plaintiff was not and/or is not

14  eligible for disability benefits under the subject group policy issued by LINA, Policy No. LK-

15  960745, because she has failed to demonstrate that she meets the requisite definition of disability

16  after on or about September 19, 2007.

17      50.    As a fourth affirmative defense, LINA alleges that plaintiff has failed to comply

18  with the terms of the subject group policy issued by LINA (Policy No. LK-960745) and that,

19  accordingly, plaintiff's claim for disability benefits after on or about September 19, 2007 is barred.

20      51.    As a fifth affirmative defense, LINA alleges that plaintiff is not entitled to disability

21  benefits, after on or about September 19, 2007, under the terms of the subject group policy issued

22  by LINA (Policy No. LK-960745).

23      52.    As a sixth affirmative defense, LINA alleges that, if the Court should determine that

24  plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy No.

25  LK-960745) after on or about September 19, 2007, which LINA disputes and denies, LINA is

26  entitled to offsets for other income received by plaintiff, including but not limited to Social

27

28
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

Security disability, state paid disability, worker's compensation, and other group disability benefits.

53.    As a seventh affirmative defense, LINA alleges that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against LINA set forth in the Complaint.

54.    As an eighth affirmative defense, LINA alleges that all benefits due and owing to plaintiff under the Policy have been paid to plaintiff.

55.    As a ninth affirmative defense, LINA alleges that each and every act or statement done or made by LINA, or by LINA's agents or employees, with reference to plaintiff or the Policy, was privileged as a good faith assertion of LINA's legal and contractual rights.

56.    As a tenth affirmative defense, LINA alleges that plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursuing some or all of the claims for relief alleged against LINA.

57.    As an eleventh affirmative defense, LINA alleges that the Complaint, and each purported claim for relief set forth therein, is barred by the applicable statutes of limitations.

58.    As a twelfth affirmative defense, LINA alleges that it acted in good faith toward plaintiff in the handling of her claim and in every other aspect of its dealings with plaintiff.

59.    As a thirteenth affirmative defense, LINA alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in the Complaint were proximately caused or contributed to by plaintiff's own comparative bad faith, negligence, or other fault.

60.    As a fourteenth affirmative defense, LINA denies that plaintiff has sustained any injury or damage by an act or omission by LINA and/or its employees and/or agents. However, if it is established that plaintiff suffered an injury or damage for which LINA is held liable, LINA alleges that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or her agents or attorneys, and that those negligent or

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1  wrongful acts by plaintiff, or her agents or attorneys, eliminates or reduces any damages plaintiff

2  can recover from LINA in this action.

3      61.    As a fifteenth affirmative defense, LINA alleges that any and all losses or damages

4  sustained by plaintiff, as a result of the occurrences alleged in the Complaint, were proximately

5  caused in whole or in part by the negligence or fault of persons or entities other than LINA, and for

6  whom LINA is not responsible.  The negligence and fault of other persons or entities eliminates or

7  reduces any damages that plaintiff may recover from LINA in this action.

8      62.    As a sixteenth affirmative defense, LINA alleges, on information and belief, that

9  plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if she has

10  any.  As a consequence, plaintiff's claims should be barred, or alternatively, any damages awarded

11  to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

12      63.    As a seventeenth affirmative defense, LINA alleges that plaintiff has failed to

13  allege, and has no facts to prove, under the clear and convincing evidence standard, the oppression,

14  fraud, or malice required for an award of punitive damages pursuant to California Civil Code

15  Section 3294.

16      64.    As an eighteenth affirmative defense, LINA alleges that plaintiff's remedy for any

17  alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

18      65.    As a nineteenth affirmative defense, LINA alleges that plaintiff's damage claims

19  are limited by the provisions of California Insurance Code Section 10111.

20      66.    As a twentieth affirmative defense, LINA alleges that plaintiff is not entitled to

21  punitive damages, attorney's fees, or other damages pursuant to any of the claims for relief alleged

22  in the Complaint.

23      67.    As a twenty-first affirmative defense, LINA alleges that an award of punitive

24  damages violates the due process clause of the Fifth and Fourteenth Amendments to the United

25  States Constitution and the corresponding provisions of the Constitution of the State of California.

26      68.    As a twenty-second affirmative defense, LINA alleges that any award of punitive

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1  damages violates the equal protection clause of the Fourteenth Amendment to the United States

2  Constitution and the corresponding provisions of the Constitution of the State of California.

3       69.    LINA reserves the right to assert additional defenses based on information gathered

4  in the course of additional investigation and discovery.

5      WHEREFORE, LINA prays for judgment as follows:

6      1.    That plaintiff take nothing by reason of her Complaint and that judgment be

7  awarded in favor of defendant Life Insurance Company of North America;

8      2.    That defendant Life Insurance Company of North America be awarded its costs

9  and expenses incurred in this action;

10      3.    That defendant Life Insurance Company of North America be awarded its

11  attorney's fees incurred in this action; and

12      4.    That defendant Life Insurance Company of North America recover such other and

13  further relief as the Court may deem just and proper.

14

15  Date: September 5, 2008          WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER LLP

16

17                By:   /s/ Sean P. Nalty

18                    SEAN P. NALTY
                  CHARAN M. HIGBEE

19                    Attorneys for Defendant
                  LIFE INSURANCE COMPANY

20                    OF NORTH AMERICA

21

22

23

24

25

26

27

28

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1

1

**CERTIFICATE OF SERVICE**
*Beverly Powell v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV08-03655 VRW*

2

3        I am a citizen of the United States. I am over the age of eighteen years and am not a
party to the within cause. I am employed in the City and County of San Francisco, California and
4  my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

5        On this date I served the following document(s):

6        **DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

7

on the parties identified below, through their attorneys of record, by placing true copies thereof
8  in sealed envelopes addressed as shown below by the following means of service:

9     _X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully
prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco,
10  California, for collection to the office of the addressee following ordinary business practices.

11     _☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger
who personally delivered each such envelope to the office of the address.

12

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail
13  service at San Francisco, California, to be hand delivered to the office of the addressee on the
next business day.

14

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of
15  Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

16  Frank N. Darras, Esq.
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
17  3257 East Guasti Road, Suite 300
Ontario, CA  91761
18  Tel:    (909) 390-3770
Fax:    (909) 974-2121

19

*Attorneys for Plaintiff BEVERLY POWELL*

20

21        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct to the best of my knowledge.

22        EXECUTED **September 5, 2008** at San Francisco, California.

23

24                                                    _____
                                                          Nancy Li

25

26

27

---

28                                                    16
**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**
USDC NDCA Case No. CV08-03655 VRW
368442.1